**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN BARRETT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KONICA MINOLTA EXECUTIVE<br>SEVERANCE PLAN, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 24-cv-05067 (JXN)(JSA)<br><br>**MEMORANDUM OPINION** |

**NEALS**, District Judge

This matter comes before the Court by way of Defendants Konica Minolta Executive Severance Plan and the Administrator of the Plan's (collectively "Defendants") motion to stay action and compel arbitration pursuant to the Federal Arbitration Act. (ECF No. 5) Plaintiff John Barrett ("Plaintiff") filed an opposition and cross-motion to remand to state court. (ECF No. 7.) Defendants filed a brief in further support of their motion and in opposition to Plaintiff's motion to remand. (ECF No. 8.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331. The Court has considered the submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to stay the action and compel arbitration is **GRANTED**, and Plaintiff's cross-motion to remand and request for attorney's fees and costs is **DENIED.**

## I.　BACKGROUND

Plaintiff, the former Corporate Vice President of Konica Minolta Business Solutions U.S.A., Inc. ("Konica"), filed the instant suit to recover severance benefits owed to him under the Konica Minolta Executive Severance Plan ("the Plan") as a result of the termination of his

employment. (*See* Notice of Removal ("NOR"), Ex. A, Complaint ("Compl."), ¶¶ 23, 34, 37, 40-42, ECF No. 1-1.)

Konica established the Plan "to provide Participants with the opportunity to receive severance benefits in the event of certain terminations of employment." (*See* Compl., Ex. A, the Plan (the "Plan"), Article I at *14.)[1]  Eligible employees under the Plan include "any full-time employee of the Company who is an Executive Vice President, Senior Vice President, corporate Vice President, . . . and who is approved by the President &CEO to participate in the Plan." (The Plan, Article II at *18.)

Section 6.05 of the Plan provides for arbitration in the event of disputes, expressly stating:

> [A]ny dispute, controversy or claim arising out of or related to the Plan shall be submitted to and decided by binding arbitration. Arbitration shall be administered exclusively by the American Arbitration Association and shall be conducted consistent with the rules, regulations, and requirements thereof as well as any requirements imposed by state law....

(The Plan, §6.05 at *22.) However, Plaintiff asserts that "although the Plan also contains language referencing arbitration, that provision contradict[s] the irrevocable submission to this Court's jurisdiction established by Section 8.10 of the Plan." (Compl. ¶ 26.) Section 8.10 of the Plain provides as follows:

> Subject to Section 6.05, any action or proceeding to enforce the provisions of the Plan will be brought only in a state or federal court located in the state of New Jersey, county of Essex, and each party consents to the venue and jurisdiction of such court. The parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

(The Plan, § 8.10 at *25.)

---

[1] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

In 2022, Plaintiff was promoted to Corporate Vice President and became eligible to participate in the Plan if his employment was terminated under certain circumstances. (Compl. ¶¶ 23, 24.) As acknowledged by Plaintiff, he was a participant in the Plan. (Compl. ¶ 18.)

On August 2, 2023, Konica placed Plaintiff on a paid leave of absence. (Compl. ¶ 30.) Subsequently, Konica suspended Plaintiff and then terminated his employment. (Compl. ¶¶ 32, 34.) Plaintiff contends that he was terminated without cause, as that term is defined in the Plan, and that he was wrongfully denied severance benefits that should have been paid to him. (Compl. ¶¶ 30-34, 37.)

On March 18, 2024, Plaintiff filed suit against Defendants in New Jersey Superior Court, asserting three causes of action under state law for breach of contract (Count One); breach of good faith and fair dealing (Count Two); and wrongful denial of benefits under the Plan (Count Three), seeking severance benefits under the Plan. (Compl. ¶¶ 49-70)

On April 16, 2024, Defendants removed the matter to this Court, as the Plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") as Plaintiff's state law claims for severance benefits are preempted by § 502(a) of ERISA. (*See* NOR, ECF No. 1.)

On May 7, 2024, Defendants filed the instant motion to stay this action and compel arbitration. (ECF No. 5.) Plaintiff filed an opposition and cross-motion to remand to state court. (ECF No. 7.) Defendants filed a brief in further support of their motion and in opposition to Plaintiff's motion to remand. (ECF No. 8.) This motion is now fully briefed and ripe for the Court to decide.

## II.    DISCUSSION

### A. The Parties are Bound to Arbitrate the Issue of Wrongful Termination and the Matter Shall be Stayed Until Such Arbitration is Complete

The Court must compel arbitration and stay this action because the Plan's arbitration provision is valid and enforceable and governs the claims in Plaintiff's Complaint. (ECF No. 5-1 at 3.) Plaintiff, on the other hand, argues that Defendants' motion to compel arbitration should be denied because the Plan does not include a clear and unambiguous agreement to arbitrate, but rather expressly permits the parties to litigate their disputes in state or federal court in Essex County, New Jersey, and irrevocably submits them to the exclusive jurisdiction of those courts. (ECF No. 7-1 at 4.) The Court finds Plaintiff's argument unavailing.

"[T]he Federal Arbitration Act ("FAA" or "Act"), 9 U.S.C. § 1, *et seq*., authorizes federal courts to compel arbitration and stay proceedings pending arbitration. It provides that "a written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable ...." 9 U.S.C. § 2. The statute "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's London*, 584 F.3d 513, 522 (3d Cir. 2009) (citing *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178-79 (3d Cir. 1999)). The Third Circuit has long recognized that the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id*. at 24-25. The "unmistakably clear congressional purpose" behind the FAA is "that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Courts, therefore, cannot delve into the merits of an

arbitrable dispute; their jurisdiction is limited to staying the civil action and compelling the parties to arbitrate the dispute. *John Hancock Mut. Life Ins. v. Olick*, 151 F.3d 132, 136-37 (3d Cir. 1998). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that[:] (1) there is an agreement to arbitrate[;] and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co.*, 584 F.3d at 523 (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)).

Moreover, ERISA claims are subject to compulsory arbitration under the FAA and in accordance with the terms of a valid arbitration agreement. *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, 7 F.3d 1110, 1112 (3d Cir. 1993); *see also Smith v. Bd. of Dirs. of Triad Mfg.*, 13 F.4th 613, 620 (7th Cir. 2021) ("Joining every other circuit to consider the issue, we recognize that ERISA claims are generally arbitrable.").

First, the Court finds that the Plan's arbitration provision is valid and enforceable. Plaintiff asserts in his Complaint that he was a participant in the Plan. (*See* Compl. ¶18.) As such, Plaintiff is subject to the Plan's provisions, which include a clear arbitration provision that unambiguously states, "any dispute, controversy or claim arising out of or related to the Plan shall be submitted to and decided by binding arbitration." (*See* The Plan, § 6.05.) A reading of the plain text of the Plan informed Plaintiff that arbitration would be his sole and exclusive remedy with respect to any claims arising from or related to the Plan. As a result, Plaintiff unmistakably waived his right to bring his claims against Defendants in court.

Further, the Court finds Plaintiff's argument that "[t]here is no logical way to reconcile Section 8.10's statement that the parties 'irrevocably submit to the exclusive jurisdiction' of the courts in Essex County to resolve any disputes arising under the Plan, with the arbitration provision" without merit. Specifically, the Court notes that Section 8.10 expressly provides that it

is "Subject to Section 6.05," a fact absent from Plaintiff's argument. Thus, in so stating, the Plan

mandates that Section 6.05 takes precedence over Section 8.10. Second, the two provisions serve

distinctly separate purposes. Section 6.05 addresses resolving "claims arising out of the Plan,"

whereas Section 8.10 concerns the enforcement of plan provisions, including the Plan's arbitration

provision. (*Compare* The Plan, §6.05 *with* §8.10.) Thus, should a participant of the Plain bring a

claim in court arguably involving a dispute subject to arbitration, Section 8.10 provides the

appropriate forum for enforcing the arbitration provision.

Second, the Court finds that all Plaintiff's claims fall within the scope of the Plain's

arbitration provision. As a participant in the Plan, Plaintiff has agreed to arbitrate "any dispute,

controversy or claim arising out of or related to the Plan…" (The Plan, §6.) Plaintiff's claim for

severance benefits is clearly a "claim arising out of or related to the Plan, and notably, Plaintiff

does not contend otherwise. The plain terms of the Plan's arbitration provision, coupled with its

breadth, leave no doubt that Plaintiff's claims fall squarely within its scope. *Mitsubishi Motors

Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626–28 (1985). "[A]ny doubts concerning

the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l

Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Accordingly, Defendants' motion to compel arbitration will be granted.

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party

requests a stay pending arbitration, § 3 of the FA compels the court to stay the proceeding." *Smith

v. Spizzirri*, 601 U.S. 472, 478 (2024). The Court, accordingly, stays the proceeding pending

arbitration.

6

### B.  Plaintiff's Motion to Remand Shall be Denied

Defendants removed this matter to federal court based on complete preemption under the ERISA civil enforcement provision, Section 502(a), 29 U.S.C. § 1132(a). If a claim falls within the scope of Section 502(a), it is completely preempted, and removal is proper. *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005) ("[I]f the claim is one that falls within section 502(a) of ERISA, removal to federal court is proper."). As Plaintiff concedes, his claims for severance are governed by Section 502(a). (See ECF No. 7-1 at 11.)

Plaintiff, without citing any authority, argues that Section 502(e), 29 U.S.C. § 1132(a)(1)(B), which provides for concurrent jurisdiction, requires the matter be remanded to state court. However, courts in this circuit have consistently held that the existence of concurrent jurisdiction does not warrant remand of ERISA actions that have been properly removed to federal court. *See, e.g., Allocca v. Wachovia, No*. 05-0366 (WHW), 2005 WL 2972845, at *4 (D.N.J. Nov. 4, 2005*)* ("Congress' grant of concurrent jurisdiction to state and federal courts to decide cases brought under ERISA is not grounds for remand"); *Bartlett v. Pennsylvania Blue Shield*, No. CIV.A. 02-4591, 2003 WL 21250587, at *2 (E.D. Pa. Mar. 31, 2003) ("It is well established that concurrent jurisdiction over ERISA claims under 29 U.S.C. § 1132(e) is not a basis for remand after a proper removal to federal court."); *Weinstein v. Paul Revere Ins. Co*., 15 F. Supp.2d 552, 559 (D.N.J. 1998) (denying motion to remand holding that "section 502(e) of ERISA grants concurrent jurisdiction without prohibiting removal"). Accordingly, Plaintiff's jurisdiction argument is without merit, and Defendants' removal of the action was proper. Accordingly, Plaintiff's motion to remand shall be denied.

**C. Plaintiff's Request for Attorney's Fees and Costs Shall be Denied**

For the reasons stated above, Plaintiff's request that Defendants pay his attorney's fees and costs incurred in opposing Defendants' motion to compel arbitration and cross-motion for remand (ECF No. 7-1 art13-14) shall be denied.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion to stay and compel arbitration (ECF NO. 5) is **GRANTED**. Plaintiff's cross-motion to remand (ECF No. 8) is **DENIED**.  An appropriate Form of Order accompanies this Opinion.


**DATED:** March 31, 2025

_____
JULIEN XAVIER NEALS
United States District Judge